

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,536-01

### EX PARTE DEREK ANDREW BODDEN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W14-52852-N(A) IN THE 195TH DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of fraudulent use or possession of fifty or more pieces of identifying information and sentenced to eighteen years' imprisonment.

In habeas, Applicant complains of the legality of the conviction. He provides a letter from the prosecuting attorney that states as follows (Writ at 57):

> [Y]ou were charged with a first degree felony offense because you were determined to have in your possession fifty (50) or more pieces of identifying information belonging to another. Upon closer examination, it has been determined that some of

the identifying information your charge and conviction was based on is not considered valid evidence in this case.

The letter goes on to state that the prosecuting attorney believes that Applicant still possessed enough identifying information to make the offense a first-degree felony. Applicant complains that trial counsel failed to realize the charging error, which Applicant argues could have affected the offense level and/or the degree of punishment assessed, and he also complains that revocation counsel failed to inform him that he had a right to appeal from the revocation. There is no response from trial or revocation counsel, and the State has requested that the trial court resolve the controverted factual issues.

In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial and revocation counsel to respond to Applicant's claims of ineffective assistance by explaining counsel's representation of Applicant, including applicable strategy and tactical decisions. To obtain the response, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law regarding the claims raised in the habeas application. The trial court may also make any other findings of fact and conclusions of law it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief. This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed:  December 11, 2019

Do not publish